UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| 1-800 RADIATOR FRANCHISE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BLINCOE DIVERSIFIED ALTERNATIVES, LLC, d/b/a 1-800 RADIATOR OF POCATELLO, IDAHO; DAMON BLINCOE; and KATHI BLINCOE,<br><br>Defendants. | Case No. 4:11-cv-100-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court are Plaintiff's Motion for Preliminary Injunction (Dkt. 2), Motion for Default Against Defendant Blincoe Diversified Alternatives, LLC (Dkt. 14), and Motion to Strike Answer of Defendant Blincoe Diversified Alternatives, LLC (Dkt. 15). The Court has determined that oral argument would not significantly assist in the decisional process, and will thus consider the motions without a hearing. Being familiar with the record and pleadings before it, the Court will grant Plaintiff's motions, as more fully discussed below.

## BACKGROUND

Plaintiff 1-800 Radiator Franchise, Inc. (RFI) brings this action against Defendants

Blincoe Diversified Alternatives, LLC, Damon Blincoe, and Kathi Blincoe, for trademark infringement and breach of contract. Plaintiff filed its Complaint (Dkt. 1), Amended Complaint (Dkt. 3), and Motion for Preliminary Injunction (Dkt. 2), to enjoin Defendants from trademark infringement and violation of its covenants not to compete. Damon and Kathi Blincoe filed an Answer (Dkt. 11) on behalf of themselves, and purporting to represent, pro se, Blincoe Diversified Alternatives, LLC. Plaintiffs move to strike Defendants' answer, with respect to Blincoe Diversified Alternatives, and for entry of default as to Blincoe Diversified Alternatives, for lack of proper representation.

## ANALYSIS

**1.      Motion to Default Corporate Entity**

The Local Federal Rules for the District of Idaho require that appearance in court of any entity other than an individual "shall be made only by an attorney of the bar of this Court or an attorney permitted to practice under these rules." Dist. Idaho Loc. Civ. R. 83.4(d). As noted by Plaintiff in its motion for default, Defendants were advised in parallel arbitration proceedings, concerning claims not subject to federal court jurisdiction, that the individual Blincoes could not appear on behalf of the Defendant corporate entity. *See Order*, Dkt. 14-5. Despite such notice, Defendants have not retained legal representation for the corporate entity in this matter, in violation of local federal rules and cases finding that such lack of representation amounts to the unauthorized practice of law. *See Weston v. Gritman Memorial Hosp.*, 99 Idaho 717 (Idaho 1978).

Plaintiffs further note that neither Damon nor Kathi Blincoe is licensed to practice law. *Pl. Mot.*, Dkt. 14-1 at 6. Defendants have not challenged this assertion. Accordingly, the Court will grant Plaintiff's motion to default Defendant Blincoe Diversified Alternatives, LLC.

**2.     Motion to Strike Answer As to Corporate Entity**

In keeping with the finding that Blincoe Diversified Alternatives, LLC lacks proper legal representation, the Court finds that the Answer (Dkt. 11) filed by the individual Blincoes with respect to Blincoe Diversified Alternatives, LLC, is improper. The Court will therefore grant Plaintiff's motion to strike the answer with respect to Blincoe Diversified Alternatives, LLC.

**3.     Motion for Preliminary Injunction**

A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 129 S.Ct. 365 (2008). A "possibility" of irreparable harm is insufficient; irreparable injury must be "likely" in the absence of an injunction. *Id.* A preliminary injunction is "an extraordinary remedy never awarded as of right." *Id.* at 376. In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Id.*

### A. Likelihood of Success on the Merits

The Lanham Act was enacted "[t]o protect trademarks . . . to protect the public from deceit, to foster fair competition, and to secure to the business community the advantages of reputation and goodwill by preventing their diversion from those who have created them to those who have not." *Two Pesos, Inc. v. Taco Cabana,* Inc., 505 U.S. 763, 782 n. 15 (quoting S. Rep. No. 1333, 79th Cong., 2d Sess., 3 (1946)). Under the Lanham Act, use in commerce of a reproduction of a registered mark is prohibited as trademark infringement. 15 U.S.C. § 1114(1). Also prohibited are false designations as to the source or origin of services and goods. 15 U.S.C. § 1125(a). Where a trademark holder can show that "similarity of the marks is likely to confuse customers about the source of the products," then the trademark holder has a claim for trademark infringement. *Brookfield Communications, Inc. v. West Coast Entertainment Corp..*, 174 F.3d 1036, 1053 (9th Cir. 1999)(citation omitted).

Here, Plaintiff RFI has provided a declaration of RFI General Counsel, Josh Nicosia, and accompanying exhibits. According to Nicosia, RFI – through parent corporation, Radiator Express Warehouse, Inc. – holds marks registered on the Principle Register of the United States Trademark Office, including "1-800 Radiator." *Nicosia Dec.*, Dkt. 2-2, ¶¶ 4-7. In May of 2007, RFI entered into a contract with Defendants, granting Defendants the exclusive right to enter a RFI franchise in parts of Idaho and Wyoming. *See Franchise Agreement*, Dkt. 2-3. In that agreement, Defendants agreed to pay RFI a monthly royalty in exchange for the continuing right to use RFI's system and

marks, and a percentage of gross sales as marketing fees. *Nicosia Dec.*, Dkt. 2-2, ¶ 19. Defendants further agreed that upon termination of the agreement, Defendants would immediately stop their use of RFI's system and marks, including proprietary information, software and customer lists would immediately cease. *Id.*, ¶ 21. Defendants would also immediately stop conducting business in such manner that might give the impression that Defendants were a franchisee or otherwise associated with RFI. *Id.* In addition, Defendants agreed to discontinue use of phone numbers and advertising associated with RFI, and remove all marks and other identifying characteristics associated with RFI. *Id.*

According to RFI, Defendants failed to pay RFI full royalties due and owing under the agreement. *Id.*, ¶ 23; *Ex. F to Nicosia Dec.*, Dkt. 2-8. After numerous written and verbal notifications of default, RFI terminated its franchise agreement with Defendants. *Letter*, Dkt. 2-4. RFI asserts that, since termination of the franchise agreement, Defendants have continued to operate a competitive business at the same address where they operated their RFI franchise. *Nicosia Dec.*, Dkt. 2-2, ¶ 27. A letter signed by Defendants indicates that they continue to offer the same parts and services, but have changed their name; included with the letter are business cards with the 1-800 Radiator marks, and a label for the customer to cover the marks with the new name, Steelhead Cooling. *Ex C to Nicosia Dec.*, Dkt. 2-5 (copy on ECF is only partially legible). RFI asserts that, on information and belief, Defendants sent this letter to all 1-800 Radiator customers. *Nicosia Dec.*, Dkt. 2-2, ¶ 28.

Although the individual Defendants filed an Answer (Dkt. 11), statements in that

answer are not under oath. Defendants have filed no other sworn statement, nor otherwise responded to RFI's motion for preliminary injunction. Weighing the affidavit of RFI's general counsel against the only submission by Defendants – Damon and Kathi Blincoe's unsworn Answer – the Court finds that RFI has shown a likelihood of prevailing on the merits.

### B. Likelihood of Irreparable Harm

RFI contends that Defendants' continued use of the RFI marks is causing consumer confusion, which has been found to constitute irreparable injury. *Pl. Mot.*, Dkt. 2-1 (citing *Sundor Brands, Inc. v. Borden, Inc.*, 653 F.Supp. 86, 93 (M.D. Fla. 1986)). In the Ninth Circuit, courts have held that, where plaintiffs have demonstrated a likelihood of success on the merits, irreparable injury is presumed. *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1209 (9th Cir. 2000); *Aurora World, Inc. v. Ty Inc.*, 719 F.Supp.2d 1115 (C.D. Cal 2009); *Nautilus Group, Inc. v. Icon Health and Fitness, Inc.*, 308 F.Supp.2d 1208 (W.D. Wash 2003). Having found a likelihood of success on the merits, the Court here thus finds for purposes of its preliminary injunction analysis that RFI is likely to suffer irreparable harm.

### C. Balance of Equities

In considering the balance of equities, the courts consider whether the injunction sought "will [ ] merely proscribe a course of action (prohibitory injunction) or will [ ] require defendant to take affirmative, costly remedial steps (mandatory injunction)." *Coffee Dan's, Inc. v. Coffee Don's Charcoal Broiler*, 305 F.Supp. 1210, 1216 (D.C. Cal.

1969).  In cases of the latter, the courts disfavor such mandatory injunctions, and will issue them "with great caution and only in exceptional cases." *Id.* at 1216-17.  However, where an injunction does not preclude defendant from engaging in normal business activities, but asks only that defendant refrain from using a confusingly similar mark, a balance of the equities still tips in favor of plaintiff.  *CytoSport, Inc. v. Vital Pharmaceuticals, Inc.*, 617 F.Supp.2d 1051, 1081 (E.D. Cal. 2009).

Here, RFI's requests are mostly prohibitory in nature.  RFI asks the Court to enjoin Defendants from using RFI's marks, and to otherwise comply with RFI's non-compete agreement; that agreement prohibits Defendants from operating for two years from the date of its termination, or within 25 miles of any RFI franchisee, or within 50 miles of the formerly franchised business.  *See Pl. Mot.*, Dkt. 2-1 at 16.  RFI also asks the Court to mandate Defendants to deliver to RFI any labels, signs, logos, and other items bearing RFI's marks.  The Court finds that the costs of the requested prohibitory injunction, and the remedial steps in the requested mandatory injunction are outweighed by the harm suffered by RFI, based upon the sworn statements provided to the Court.

D. **Public Interest**

In trademark actions, the courts often define the public interest as "the right of the public not to be deceived or confused." *Id.* at 1081 (citing *Moroccanoil, Inc. v. Moroccan Gold, LLC*, 590 F.Supp.2d 1271, 1282 (C.D. Cal. 2008).  The Court's finding that RFI is likely to prevail on claims of Lanham Act violations implies a finding that the public is being or has been deceived or confused by such violations.  The Court thus finds that the

public interest weighs in favor of granting a preliminary injunction here.

### E. Bond

Under Rule 65(c), a party seeking a preliminary injunction must post a bond to secure the adverse party for costs and damages if defendant is found to have been wrongfully enjoined or restrained. Fed. R. Civ. P. 65(c). RFI asserts that, under its franchise agreement, Defendants agreed that no bond would be required in the event RFI were to seek a preliminary injunction to enforce its rights under the agreement. *Nicosia Dec., Ex A*, Dkt. 2-3. There being no response to RFI's request that bond be waived for the preliminary injunction, the Court will grant the request, per the terms of the parties' franchise agreement.

## CONCLUSION

Defendants having failed to respond to the motion for preliminary injunction, the only evidence before the Court in opposition to RFI's request is the unsworn Answer (Dkt. 11) to RFI's Complaint (Dkt. 1). Weighing the individual Defendants' answer against the sworn affidavit and accompanying documents provided by RFI, the Court finds that all elements necessary for a preliminary injunction have been met. Accordingly, the Court will grant the motion and waive bond, per RFI's request.

## ORDER

**IT IS ORDERED THAT:**

1. Plaintiff's Motion for Entry of Default against Defendant Blincoe Diversified Alternatives, LLC (Dkt. 14) is **GRANTED**.

2. Plaintiff's Motion to Strike Answer (Dkt. 11) as to Defendant Blincoe Diversified Alternatives, LLC (Dkt. 15) is **GRANTED**.

3. Plaintiff's Motion for Preliminary Injunction (Dkt. 2) is **GRANTED**. Plaintiff is directed to provide a proposed order setting forth details of a preliminary injunction order.

DATED: **May 15, 2011**

Honorable B. Lynn Winmill
Chief U. S. District Judge