UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| 1-800-RADIATOR FRANCHISE, INC., <br>               Plaintiff, <br><br> v. <br><br> BLINCOE DIVERSIFIED ALTERNATIVES, LLC, d/b/a 1-800 RADIATOR OF POCATELLO, IDAHO; DAMON BLINCE; and KATHI BLINCOE, <br><br>               Defendant. | Case No. 4:11-cv-100-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the court is the Defendant's Motion to Set Aside Default and Reconsider Preliminary Injunction (Dkt. #2). The Court has determined that oral argument would not significantly assist in the decisional process, and will thus consider the motions without a hearing. Being familiar with the record and pleadings before it, the Court will set aside the default and vacate the order of preliminary injunction.

## BACKGROUND

Plaintiff 1-800 Radiator Franchise, Inc. (RFI) brought the original action against Defendants Blincoe Diversified Alternatives, LLC (BDA), Damon Blincoe, and Kathi Blincoe, for trademark infringement and breach of contract. Plaintiff filed its Complaint (Dkt. 1), Amended Complaint (Dkt. 3), and Motion for Preliminary Injunction (Dkt. 2),

to enjoin Defendants from trademark infringement and violation of its covenants not to compete. Damon and Kathi Blincoe filed an Answer (Dkt. 11) on behalf of themselves and BDA, whom they purported to represent pro se. Because of a lack of proper representation, Plaintiffs moved to strike Defendants' answer, with respect to BDA, and for entry of default as to BDA. The Court granted both motions and issued a preliminary injunction.

BDA has since acquired proper representation and filed a motion to set aside default and reconsider the grant of preliminary injunction. It is noted that the Plaintiff has failed to provide the Court with proof of service, regarding the motion for preliminary injunction.

## ANALYSIS

1.  **Setting Aside Default**

There is little evidence that the Plaintiff in this case would be prejudiced by setting aside default judgment. The Court finds that this outweighs the other factors it must consider and will set aside its previous default of BDA.

When moving to set aside default, the moving party must demonstrate that "the interest in deciding the case on the merits should prevail over the very important interest in the finality of judgments." [TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001)](). To do so, they must demonstrate good cause for lifting the default. [Id](). (citing [Fed.R.Civ.P. 55(c)]()). When determining if good cause exists, courts are to look to three factors, 1) whether the Defendant's culpable conduct led to the default, 2) whether

the defendant has a meritorious defense, and 3) whether reopening the default judgment would prejudice the plaintiff. *Id.*

Regarding the first factor, culpability may turn on the intentional nature of the conduct. *See [id. at 697](id. at 697)*. In the context of a motion to set aside default, conduct is not intentional when "the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *Id.*

Damon and Kathi Blincoe knew they were unable to represent BDA, pro se, in their arbitration proceedings. They argue, however, that they were unaware the same was true for these federal proceedings. It is undisputed that the Blincoes intentionally declined to seek representation in these proceedings; but, the Court does not find that they did so to gain an advantage, interfere with judicial decisionmaking or otherwise manipulate these proceedings. Accordingly, their conduct is not *necessarily* culpable, even though intentional, and can be excused under a finding of good faith and minimal resultant delay in proceedings. *See [id. at 698](id. at 698)*. Under the facts presented, the Court concludes that the Blincoes' conduct is not culpable.

Turning to the second factor, the Court notes that reasonable people may disagree as to the meritorious nature of the defense offered by BDA. Given that uncertainty, the Court will err in favor of permitting BDA to present that defense.

Finally, with regard to the question of prejudice to the Court notes that the standard for determining prejudice to the plaintiff is "whether his ability to pursue his claim will be hindered." *[Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984)](Falk v. Allen)*. Plaintiff has

not persuaded the Court that its claim will be hindered by virtue of delays associated with the entry of default and subsequent proceedings by BDA to obtain relief from that default.

Under the facts of this case, the Court finds that Blincoe's conduct is not culpable, debatable issues have been raised as a defense, and no prejudice will accrue to the Plaintiff by lifting the default judgment. Accordingly, good cause has been demonstrated by BDA and the motion to set aside default is granted.

**2.     Reconsidering the Preliminary Injunction**

The Court will also reconsider its decision to issue a preliminary injunction. "Courts have distilled various grounds for reconsideration of prior rulings into three major grounds for justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) need to correct a clear error or to prevent manifest injustice." *Louen v Twedt*, 2007 WL 915226 (E.D.Cal. March 26, 2007). If the motion to reconsider does not fall within one of these three categories, it must be denied.

Rule 5 of the Federal Rules of Civil Procedure governs the service of certain papers, including written motions, which must be served on every party. *See* Fed.R.Civ.P. Rule 5(a)(1). For the purposes of the rule, a paper "filed electronically in compliance with a local rule is a written paper." *Id.* at 5(d)(3); *see also* Local Rule 5.1. A Defendant who claims that service was invalid bears the burden of proving that relief is warranted. *See S.E.C. v. Internet Solutions for Business Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007). However, actual notice is not sufficient to refute a claim of invalid service,

and "[t]herefore, a party must advance some other compelling circumstance, in addition to actual notice in order to have the Court excuse noncompliance with Rule 5(b)." *Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1431 (9th Cir. 1996) (citing *Salley v. Board of Governors, Univ. of N.C.*, 136 F.R.D. 417, 419 (M.D.N.C. 1991)).

The Defendant has submitted sworn affidavits that the Plaintiff's motion for preliminary injunction, dated March 15, 2011, was never served on BDA. This constitutes new evidence, warranting reconsideration. The Plaintiff responded that service could not be independently verified, but notes that BDA obviously had notice of the motion, as they refer to it in the affidavits submitted with their current motion. This is insufficient as a matter of law. Rule 5 makes it clear that service of a written motion, including those filed electronically, must have been made on BDA, barring waiver. There has been no waiver in this matter. From the Court's perspective, no service was ever effected, and a complete lack of service fails not only Rule 5(a)(1) but Rule 5(b) as well.

In addition, the Court concludes that reconsideration is necessary because of the "need to . . . prevent manifest injustice." Here, the injunction was issued solely because of BDA's default and based solely upon Plaintiff's submissions. BDA should be permitted to present any defense which it may have to Plaintiff's claims.

The Court finds that new evidence has been presented, warranting a reconsideration of the preliminary injunction. This evidence establishes the lack of proof of service. Moreover, reconsideration is necessary to prevent manifest injustice. The grant of preliminary injunction is vacated.

# ORDER

**IT IS ORDERED THAT:**

1. Defendant's Motion to Set Aside Default (Dkt. 22) is **GRANTED**.

2. Defendant's Motion to Reconsider (Dkt. 22) is **GRANTED;** the Preliminary Injunction (Dkt. 18) is **VACATED**, and the Motion for Preliminary Injunction (Dkt. 2) is dismissed without prejudice.

DATED: July 28, 2011

_____
B. LYNN WINMILL
Chief U.S. District Court Judge